IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:09cr100-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| CHARLES PHILLIP SMITH. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Charles Phillip Smith's Motion for Judgment of Acquittal Notwithstanding the Verdict [Doc. 76].

## I. PROCEDURAL BACKGROUND

On August 18, 2010, the Defendant Charles Phillip Smith, a United States Postal worker, was charged in a bill of indictment along with his wife, Robin Knight Smith, with one count of conspiring to make false statements to federal agents, in violation of 18 U.S.C. § 371 (Count One); one count of submitting a false document and aiding and abetting, in violation of 18 U.S.C. §§ 1001(a)(3) and 2 (Count Nine); and four counts of making false statements to federal agents, in violation of 18 U.S.C. §

1001(a)(2) (Counts Ten through Thirteen). [Second Superseding Indictment, Doc. 28]. Beginning on January 4, 2011, this case was tried for four days before a jury. At the close of the Government's proof, the Court dismissed Count Ten against the Defendant. At the close of the trial, the jury returned a verdict of not guilty against the Defendant as to Count One and a verdict of guilty as to Counts Nine, Eleven, Twelve, and Thirteen. [Verdict Sheet, Doc. 75].

The Defendant now moves for a judgment of acquittal as to Counts Nine, Eleven, Twelve, and Thirteen of the Second Superseding Bill of Indictment, arguing that the Government failed to present any evidence of regarding the elements of jurisdiction and materiality as required by 18 U.S.C. § 1001(a). The Defendant further argues that the Government failed to present evidence sufficient to meet its burden of proof as to Counts 11, 12, and 13. [Doc. 76]. The Government opposes the Defendant's Motion. [Doc. 83].

The Court heard oral argument from the parties on February 23, 2011. Having been fully briefed and argued, this motion is now ripe for disposition.

## II. STANDARD OF REVIEW

When a defendant challenges a jury's verdict on the basis of insufficient evidence, "the verdict will be sustained if, when the evidence is viewed in the light most favorable to the government, there is substantial evidence to support it." United States v. Sullivan, 455 F.3d 248, 260 (4th Cir. 2006). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Young, 609 F.3d 348, 355 (4th Cir. 2010) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). In determining the issue of substantial evidence, the Court does "not reweigh the evidence or the credibility of the witnesses, but assume[s] that the jury resolved all contradictions in the testimony in favor of the Government." United States v. Roe, 606 F.3d 180, 186 (4th Cir.), cert. denied, 131 S.Ct. 617, 178 L.Ed.2d 448 (2010).

## III. ANALYSIS

### A. Jurisdictional Element of § 1001(a)

In order to prove a violation of 18 U.S.C. § 1001(a)(2), the Government must show that the defendant (1) made a false statement (2)

with fraudulent intent (3) regarding a material fact (4) in a "matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States." 18 U.S.C. § 1001(a)(2). A matter is "within the jurisdiction" of a branch of the United States Government where the branch "has the power to exercise authority in a particular situation." United States v. Rodgers, 466 U.S. 475, 479, 104 S.Ct. 1942, 80 L.Ed.2d 492 (1984).

In the present case, the Defendant argues that the Government failed to prove the jurisdictional element of 18 U.S.C. § 1001(a) because it did not present any evidence as to whether the United States Postal Service ("USPS"), the entity from which the Defendant sought benefits, is a federal agency under any one of the three branches of the United States Government. This argument is simply without merit. During the trial, the Government presented substantial evidence to prove that the statements made by the Defendant pertained to a matter "within the jurisdiction" of a branch of the Federal Government. Barbara Brown explained to the jury how the United States Department of Labor, United States Office of Workers' Compensation Program ("OWCP"), oversees the USPS's workers' compensation program and pays benefits to injured postal

4

workers. Doris Blair explained how a postal worker applies for and receives benefits under the Family and Medical Leave Act ("FMLA"). Various agents from the USPS Office of Inspector General ("OIG") testified how they investigate cases involving questionable on-the-job injuries, claims of theft, and other misconduct involving postal workers. These agents also testified that they investigated the Defendant for false statements that he submitted on various forms prepared and used by the USPS and the OIG. Viewing this evidence as a whole, the Court is satisfied that the Government presented substantial evidence to meet the statute's jurisdictional element, and therefore, the Defendant's motion for a judgment of acquittal on this basis is denied.

B.   **Materiality**

Next, the Defendant contends that the Government failed to present any evidence of materiality with respect to the false statements that he was charged with making in Counts 9, 11, 12, and 13 of the Second Superseding Indictment. As to Count 9, the Defendant argues that the allegedly false statements made with respect to his FMLA claim were not material because he never received FMLA benefits. With respect to Counts 11, 12, and 13, the Defendant argues that his statements were not

5

material because the OWCP already had decided to pursue charges against him prior to the August 25, 2009 interview in which he made those statements.

"A fact about a matter within an agency's jurisdiction is material under § 1001 if it has a natural tendency to influence agency action or is capable of influencing agency action." United States v. Ismail, 97 F.3d 50, 60 (4th Cir. 1996) (internal quotation marks and citations omitted). A false statement may be "material" for the purposes of § 1001 "even though the agency did not rely on it and was not influenced by it." United States v. Turner, 551 F.3d 657, 663 (7th Cir. 2008) (quoting United States v. Dick, 744 F.2d 546, 553 (7th Cir.1984)), cert. denied, 129 S.Ct. 2748, 174 L.Ed.2d 249 (2009).

In the present case, there was substantial evidence presented to show that the statements made by the Defendant were capable of influencing the Government and were therefore material. The fact that his statements did not actually influence any decision making process is therefore irrelevant. See United States v. Arch Trading Co., 987 F.2d 1087, 1095 (4th Cir. 1993) ("There is no requirement that the false statement actually influence or effect the decision making process of a

department of the United States government.") (quoting United States v. Norris, 749 F.2d 1116, 1121 (4th Cir. 1984)); see also Turner, 551 F.3d at 664 (finding statements made to investigating agents to be material where defendant's "misrepresentations, under normal circumstances, could cause FBI agents to re-direct their investigation to another suspect, question their informant differently or more fully, or perhaps close the investigation altogether"). The Defendant's argument therefore is without merit.

    C.    **Sufficiency of the Evidence -- Count 11**

The Defendant next challenges the sufficiency of the evidence with respect to Count 11 of the Second Superseding Indictment. That Count charges that during the August 25, 2009 interview with federal agents, the Defendant falsely stated that he could not sit for long periods of time without experiencing significant pain. The Defendant contends that he should be acquitted of this charge because the Government failed to present any evidence, either medical or lay, regarding the subjective pain that he experiences after sitting for long periods of time.

The Defendant's argument on this point is without merit. The Government presented substantial evidence from which the jury could have reasonably inferred that the Defendant's statement regarding his ability to

sit for long periods of time without significant pain was false. The Government presented surveillance video footage, which showed the Defendant mowing his lawn for over an hour without taking a break, driving back and forth to Harrah's Cherokee Casino, and taking his wife and himself to doctor appointments, trips to the post office, stores, and other places. One surveillance video in particular, taken on July 28, 2009, showed the Defendant and his wife going to the doctor's office, going to a restaurant where they ate for about forty minutes, and then driving in the mountains for about an hour before returning home. The Government also introduced casino records, which showed that the Defendant gambled for eighty minutes on June 17, 2009 and for 190 minutes on June 24, 2009. This evidence is more than sufficient to support the jury's conclusion that the Defendant knowingly misrepresented his ability to sit for long periods of time. The Defendant's motion for a judgment of acquittal as to Count 11 is therefore denied.

**D.     Sufficiency of the Evidence -- Counts 12 and 13**

The Defendant further challenges the sufficiency of the evidence with respect to Counts 12 and 13 of the Second Superseding Indictment. These Counts concern statements made by the Defendant during the

August 25, 2009 interview, wherein he told federal agents that he had not visited Harrah's Casino "recently" (Count 12) and that he had not traveled to Myrtle Beach, South Carolina "recently" (Count 13).

With respect to Count 13, the Government failed to present any evidence at trial that the Defendant had traveled to Myrtle Beach. Without such evidence, the Government has failed in its burden to show that the Defendant's statement was in fact false. Based on the lack of evidence on this essential element, the Court concludes that the Defendant's conviction as to Count 13 cannot be sustained, and this Count therefore will be dismissed.

With respect to Count 12, the evidence presented at trial established that the investigating agents were aware that the Defendant had visited Harrah's Casino on at least two occasions in June 2009. During the August 25, 2009 interview, the investigating agents repeatedly asked the Defendant if he had been to Harrah's Casino "recently." The Defendant initially denied ever having gone to Harrah's Casino. When told that he had been observed there with his wife, however, the Defendant explained that he had had himself banned from the casino premises and that if he had been at the casino, that would have been "several months ago."

Critically, the agents never defined the term "recently" or otherwise articulated a particular time frame for their questions. In the absence of evidence of any common understanding of the definition or time frame for the term "recently," the Court cannot conclude that the Defendant's statement regarding his "recent" trips to the casino was false, much less knowingly false. As such, the Court will grant a judgment of acquittal as to Count 12.

## IV. ORDER

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict [Doc. 76] is **GRANTED** with respect to Counts Twelve and Thirteen of the Second Superseding Indictment, and these Counts are hereby **DISMISSED**. With respect to Counts Nine and Eleven of the Second Superseding Indictment, the Defendant's Motion [Doc. 76] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 2, 2011

Martin Reidinger
United States District Judge